UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMMARA TILLMAN,

                Plaintiff,

-against-

REGINALD BROWN; ROBERT BROWN; DT CORPORATION; HELPS ON THE WAY FINANCIAL, INC.; MARION BROWN SALON; TWINS STUDO; DCF CORPS; THE HIP HOP MUSEUM; QUEENS LIBRARY CENTRAL OFFICE,

                Defendants.

23-CV-10318 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who resides in Kings County, New York, brings this action *pro se*. She asserts claims principally against Reginald Brown, one of the Hip Hop artists known as "the Disco Twins." For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

    Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

    For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Reginald Brown resides in Pennsylvania and Robert Brown resides in Queens County, New York. Plaintiff asserts claims, among other things, for multiple assaults that allegedly took place in Queens County, including (1) when she was 15 years old (ECF 1 at 13-14), (2) in a vehicle on Southern Parkway (*id.* at 15), and (3) on Astoria Boulevard (*id.*). She invokes the New York's Adult Survivors Act. (*Id.* at 2.)

Because Plaintiff alleges that Defendants do not all reside in New York, venue does not lie in this district under Section 1391(b)(1). Plaintiff's allegations also do not suggest that a substantial part of the events giving rise to her claims took place within this district. It is therefore not clear that venue is proper in this district under Section 1391(b)(2). Plaintiff does allege that a substantial part of the events giving rise to her claims took place in Queens County, which is in the Eastern District of New York, 28 U.S.C. § 112(c). Venue under Section 1391(b)(2) thus is proper in the Eastern District of New York.

Even when venue is proper in the district where the plaintiff has filed an action, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

(setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff resides in the Eastern District of New York, as do many of the defendants. A substantial part of the underlying events occurred in Queens County, and it is reasonable to expect that witnesses and relevant documents would be found in that district. The Eastern District of New York thus appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 29, 2023
           New York, New York

                                          /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                        Chief United States District Judge